United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIGUEL ANGEL NUNEZ,

Defendant.

Case No.: CR-13-00383-PJH (KAW)

ORDER OF REVOCATION AND DETENTION

## I. BACKGROUND INFORMATION

Defendant Miguel Angel Nunez was charged by indictment with a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) (possession with intent to distribute cocaine). Defendant was granted pretrial release on May 3, 2013 on a $100,000 unsecured bond. Defendant's wife, Gloria Nunez, signed his bond as both his custodian and a surety, and Defendant's daughter, Vanessa Nunez, also signed as a surety.

On August 19, 2013, Defendant appeared before the undersigned, during which Defendant's wife confirmed that she would stay on the bond, and continue to serve as his custodian. The matter had been set for bail review because the Court was informed that Mrs. Nunez no longer wanted to serve as custodian. At the hearing, however, Mrs. Nunez clarified that she did not want to be removed as custodian but was concerned about Defendant's attitude towards her, stating that they were having marital problems. The problems arose out of her inquiring into Defendant's association with another woman and her desire to know who he was associating with. The Court admonished Defendant that it was inappropriate to have a bad attitude towards his wife, because she was doing her job as custodian. Three days after the bail review hearing, on August 22, 2013, Defendant allegedly called a confidential source to ask if they were going to continue to conduct cocaine transactions. He allegedly contacted the

ORDER OF REVOCATION AND DETENTION
CR-13-00383-PJH (KAW)                1

confidential source again on August 26 and August 27, and was arrested on August 28, 2013 for conspiracy to distribute cocaine after an alleged drug transaction was completed. On August 29, 2013, the Government filed a criminal complaint in a new case charging Defendant with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846.

On September 9, 2013, a hearing was held on the Government's motion for revocation of Defendant's pretrial release pursuant to 18 U.S.C. § 3148. Defendant was present, and represented by Phil Schnayerson (for Jesse Garcia). Assistant United States Attorney Aaron Wegner appeared on behalf of the Government. Pretrial Services Officer Nelson Barao was also present.

For the reasons set forth below, the Court orders that Defendant's pretrial release be revoked and that he be remanded to federal custody pending trial.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)

After release, the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. 18 U.S.C. § 3148(b). The judicial officer shall enter an order of revocation and detention if the court makes a finding that there is either "probable cause to believe that the person has committed a Federal, State, or local crime while on release; or "clear and convincing evidence that the person has violated any other condition of release; and" finds that either "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the

ORDER OF REVOCATION AND DETENTION
CR-13-00383-PJH (KAW)  2

community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

### A. Commission of a Crime and Violation of Conditions of Release

As provided above, Defendant's arrest and charge in the subsequent criminal matter for conspiracy to distribute cocaine provides probable cause to believe that Defendant committed a Federal, State, or local crime while on pretrial release. In addition, the commission of another crime is a violation of the standard term of his pretrial release. This creates a rebuttable presumption that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or to the community. Defendant did not oppose the motion for revocation, as he was already detained by the court in the new case.

### B. Unlikely to Abide by Any Condition or Combination of Conditions of Release

Defendant was released on a $100,000 unsecured bond signed by his wife and daughter. His wife was also serving as his third party custodian. At the August 19, 2013 hearing, however, Defendant displayed animus toward his wife, who was trying to determine who he was associating with when he was on pretrial release. The Court had admonished Defendant that Mrs. Nunez was diligently performing the duties of a custodian by inquiring as to his whereabouts and with whom he was associating. Both Defendant's wife and daughter have put their personal financial statuses at risk by signing Defendant's release bond. In particular, Defendant's daughter is a college student at San Jose State University, whose entire future is at risk should the Government seek forfeiture due to Defendant's failure to abide by the conditions of his release.

Based on Defendant's alleged commission of another drug-related crime while on release, his wife and daughter do not provide sufficient moral suasion, such that it is unlikely that he will abide by the conditions of his release.

### III. CONCLUSION

In light of the above, Defendant's pretrial release is revoked, and he is remanded to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

ORDER OF REVOCATION AND DETENTION
CR-13-00383-PJH (KAW)                    3

Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: September 9, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge